# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO. 4:23-CV-00186

| | |
|---|---|
| **KELSEY CLARK,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE CITY OF GREENVILE, NORTH CAROLINA, Officer NICHOLAS CARNEVALE, Officer BRICE WORDSWORTH, Sergeant FRED GORHAM, JR., in their individual and official capacities, CHRISTINA BUNDY in her official capacity, and GREAT AMERICAN INSURANCE COMPANY,**<br><br>**Defendants.** | **COMPLAINT AND JURY DEMAND** |

NOW COMES Plaintiff Kelsey Clark, demanding a jury trial and alleging the following against the Defendants:

## INTRODUCTION

1. Plaintiff is a Black male who was wrongfully arrested due to execution of an invalid warrant based on a defective affidavit without probable case by the Greenville Police Department.

2. This invalid and or defective warrant was issued by a Pitt County Magistrate Judge.

3. Plaintiff was charged with, and later indicted on, charges of Possession with Intent to Sell and Deliver Cocaine, Possession with Intent to Sell and Deliver Marijuana, and

Felony Maintaining a Vehicle or Dwelling Place for Controlled Substances.

4. As a result of this illegal search and seizure, he was held in jail on a $30,000 bond, suffered revocation of his probation on another charge, and served approximately 10 months in jail.

5. The charges were ultimately dismissed on November 2, 2020.

6. Plaintiff brings this action for compensatory damages and punitive damages pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under North Carolina law.

## PARTIES

7. Plaintiff Kelsey Clark ("Plaintiff") is a citizen and resident of Pitt County, North Carolina.

8. Defendant City of Greenville, North Carolina (the "City") is a municipal corporation organized by charter under Chapter 160A of the North Carolina General Statutes. It maintains and operates the Greenville Police Department ("GPD"). Employees of GPD are employees and agents of the City, which bears legal responsibility under state law for negligent acts and omissions of GPD in the course of their employment. The City is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Further, on information and belief, the City of Greenville, at the time of the wrongful arrests, had waived governmental or sovereign immunity from the state law tort claims in this case pursuant to G.S. § 153A-435, either by participation in a government

risk pool or through purchase of commercial insurance that will indemnify the City and its agents for any judgment against it or its agents named in this action.

10. All Individual Defendant GPD Officers, listed below, are entitled to indemnification by the City of Greenville under North Carolina law for any liability arising from conduct described herein.

11. Defendant Officer Nicholas Carnevale was a police officer employed by the Greenville Police Department and is being sued in his official and individual capacities.

12. Defendant Officer Brice Wordsworth is a police officer employed by the Greenville Police Department being sued in his official and individual capacities.

13. Defendant Seargent Fred Gorham, Jr. is a police officer employed by the Greenville Police Department being sued in his official and individual capacities.

14. Defendant Christina Bundy is a citizen and resident of Pitt County, North Carolina.

15. At all times relevant to this Complaint, Defendant Bundy was a Magistrate of Judicial District 3A in Pitt County.

16. Defendant Bundy is sued in her official capacity only.

17. Defendant Bundy has an official bond that was issued by Defendant Great American Insurance Company in the amount of $100,000 per occurrence as required by N.C. Gen. Stat.§ 7A-174.

18. This official bond was in effect at the time of the events alleged herein.

19. Defendant Bundy is sued under N.C. Gen. Stat. § 58-76-5 as the principal on the official bond.

20. Defendant Bundy has waived governmental immunity for Plaintiff's claim under

N.C. Gen. Stat.§ 58-76-5 to the extent of the bond.

21. Defendant Great American Insurance Company is an Ohio corporation that is duly licensed to conduct business in the State of North Carolina. It's agent for service of process is United Agent Group, Inc., 119 East Court Street, Cincinnati, OH 45202.

22. Defendant Great American Insurance Company (hereinafter "Defendant Surety" or "Surety") is sued as the surety on Defendant Bundy's official bond, pursuant to N.C. Gen. Stat. § 58-76-5.

23. Plaintiff brings this Complaint against Defendants Bundy and Surety for the negligence of Defendant Bundy in which she acted in the complete absence of all jurisdiction when issuing an invalid search warrant which lacked both an affidavit and probable cause.

24. Due to Defendant Bundy's failure to faithfully perform her duties as a Magistrate, Plaintiff's person and property were illegally search, seized, resulting in his arrest and incarceration.

25. Plaintiff seeks to recover $100,000 from Defendants Bundy and Surety under N.C. Gen. Stat.§ 58-76-5 for his damages.

## JURISDICTION

26. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Plaintiff's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

27. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28

U.S.C. §1367(a) over any and all North Carolina state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

28. Venue is proper for the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), and 28 U.S.C. § 1402(b), where.

## JURY DEMAND

29. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## FACTS

30. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

31. Prior to September 14, 2018, and continuing through present, the Greenville Police Department had a history, pattern, and practice of committing illegal searches and seizures without probable cause of Black individuals who have had prior dealings with law enforcement.

32. On that day at approximately, in addition to discussing Plaintiff's previous and pending charges, Officer Nicholas Carnevale alleged the following:

   a. On Friday, September 14, 2018, at approximately 1500 hours I received information from the criminal investigations unit that [Plaintiff] was selling large amounts of heroin laced with fentanyl out of 3830 Sterling Pointe Drive Apartment P5.

   b. While patrolling the area at approximately 1520 hours on Friday, September 14, 2018, I spotted [Plaintiff] outside of his residence near his front door. While

driving past [Plaintiff] I noticed the strong odor of marijuana coming from the area. When [Plaintiff] spotted my marked patrol vehicle he immediately went back inside his residence and closed his door.

   c. Due to this suspicious behavior, I went to conduct a knock and talk on his residence. While approaching his residence the odor of marijuana became stronger and once at his front door it was apparent that the odor of marijuana was coming from his residence 3830 Sterling Pointe Apartment P5.

   d. Outside of the residence in a bucket near the front door where I could see multiple cigar wrappers and cigar tobacco. This is consistent with someone who smokes marijuana.

   e. Based on factual information provided in this affidavit, I request a search warrant be issued for the residence of 3830 Sterling Pointe Apartment P5, Winterville, North Carolina. Any outbuilding, shed, or place that could contain evidence pertaining to the crime and all evidence seized and be held for future court actions.

33. Officer Carnevale applied for a search warrant for the residence that purportedly included a statement alleging the facts in the previous paragraph.

34. The application purportedly included a written statement but lacked an executed affidavit.

35. Both the statement and application lacked facts to establish probable cause for the issuance of the search warrant.

36. Despite Officer Carnevale's insufficient allegations, Defendant Bundy issued a search warrant for search of premises.

37. The warrant was invalid and or defective.

38. Officer Carnevale then met with other officers including, but not limited to, Officer Brice Wordsworth who served as the lead officer in the execution of the search warrant.

39. Sergeant Fred Goham was, at all times relevant to the allegations in this complaint, Officer Wordsworth's supervising officer.

40. Officers Wordsworth, Carnevale, and other officers then went to 3830 Sterling Pointe Drive, Apartment P5 to serve the warrant.

41. Officers used the battering ram to gain entry, injured Plaintiff's hand in the process, secured multiple individuals inside the residence, and conducted a search.

42. Officers found items that led to Plaintiff's charges; no heroin was found.

43. Plaintiff was arrested and a secure bond of $30,000.00 was issued.

44. Sergeant Fred Gorham approved of the execution of the search warrant and Plaintiff's arrest.

45. Sergeant Fred Gorham ratified the officers' actions including, but not limited to, the execution of the search warrant and Plaintiff's arrest.

46. Due to these charges, Plaintiff suffered property damage, financial damages, and served an approximate 10-month sentence for a probation violation.

47. Plaintiff's mother died during this sentence and his request to attend her funeral was denied.

48. Defendant was indicted on these charges on November 12, 2019.

49. The charges were ultimately dismissed on November 2, 2020, when the affidavit and search warrant could not be located.

## INJURIES AND DAMAGES

50. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

51. This action seeks damages on behalf of Plaintiff for the loss of liberty, physical injuries, pain and suffering, emotional distress, and financial damages endured due to Defendants' actions.

52. As a result of Plaintiff's wrongful arrests and unjust imprisonment Plaintiff was incarcerated for approximately 10 months.

53. Plaintiff has suffered, and continues to suffer, severe and ongoing damages, specifically serious psychological and emotional damage, loss of familial relationships, and loss of quality of life.

54. The acts and omissions of Defendants entitle Plaintiff to compensatory and punitive damages.

## FIRST CAUSE OF ACTION
### Malicious Prosecution or Prosecution Without Probable Cause under 42 U.S.C § 1983

55. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

56. At all times relevant to this action, Plaintiff had the right under the Fourth Amendment to not be prosecuted without probable cause. *See Durham v. Horner*, 690 F.3d 183 (4th Cir. 2012).

57. Officer Carnevale, despite knowing that probable cause did not exist to arrest and prosecute Plaintiff, intentionally, recklessly, and with malice caused Plaintiff to be searched, arrested, held on bail, and prosecuted.

58. Officer Wordsworth and Sergeant Gorham, either knew or should have known, that probable cause did not exist to arrest and prosecute Plaintiff, intentionally, recklessly, and

with malice caused and or approved Plaintiff to be searched, arrested, held on bail, and prosecuted.

59. Defendant Bundy knew or should have known not to issue a warrant that lacked probable cause and such warrant would be used to Plaintiff's detriment.

60. Officer Carnevale intentionally provided false or misleading information and made material omissions in their statements to Defendant Bundy, the District Attorney's Office, and the Court.

61. As a result of Defendants' acts Plaintiff was arrested, charged, and prosecuted without probable cause.

62. All of the charges against Plaintiff were dismissed.

63. As a direct and proximate result of the Defendants' acts, Plaintiff was wrongfully searched, arrested, and imprisoned, causing him to suffer the injuries and damages described above.

## SECOND CAUSE OF ACTION
**Failure to Intervene under 42 U.S.C § 1983**
**Against GPD Defendants**

64. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

65. Defendants that were present for and observed the aforementioned unlawful conduct, had a duty to intervene and prevent such conduct and failed to intervene.

66. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

67. Defendants failed to intervene in the false arrest and continued prosecution of

Plaintiff although they knew, or should have known, that these warrant and allegations that led to Plaintiff's search and arrest lacked probable cause.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
### Unreasonably Prolonged Detention in Violation
### of the Fourth Amendment and 42 U.S.C § 1983
### Against GPD Defendants

69. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

70. Officers Carnevale, Wordsworth, and Gorham violated Plaintiff's rights under the Fourth Amendment and Fourteenth Amendments.

71. The officers unnecessarily prolonged Plaintiff's detention by delaying the submission of the discovery documents, including informing the District Attorney or Court, of the missing affidavit and complete search warrant.

72. Upon notification there was neither an executed affidavit or complete search warrant, the District Attorney's office dismissed all charges against the Plaintiff.

73. This delay resulted in Plaintiff's revocation of probation and active sentence.

### FOURTH CLAIM
### Failure to Train and or Supervise Under 42 U.S.C § 1983
### Against Sergeant Gorham

74. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

75. Sergeant Gorham failed to properly supervise GPD officers, despite having actual

knowledge of the need for better and additional training and supervision.

76. Officer Wordsworth and the other officers executing the search warrant knew, or should have known, that the search warrant and Officer Carnevale's assertions lacked probable cause and or that the warrant was invalid.

77. Sergeant Gorham knew or should have known GPD had a history, pattern, and practice of committing illegal searches and seizures without probable cause of Black individuals who have had prior dealings with law enforcement.

78. Sergeant Gorham failed to take any steps to correct Officer Wordsworth or any other subordinate officers to prevent this unconstitutional activity from recurring.

79. Because of Defendant's inaction Plaintiff was illegally arrested, held in jail, and probation revoked.

80. The repeated and sustained failures of Defendants to supervise officers of the Greenville Police Department constituted deliberate indifference to and reckless disregard for the rights and life of Plaintiff and the public.

## FIFTH CLAIM
### Equal Protection Violation Under
### 42 U.S.C § 1983 Against Officer Carnevale

81. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

82. Officer Carnevale violated the Equal Protection Clause of the Fourteenth Amendment when he targeted Plaintiff for an illegal search and seizure.

83. Officers Carnevale and Wordsworth along with other officers illegally searched and arrested Plaintiff.

84. Officer Carnevale conspired with other GPD officers to intentionally target only black males with these illegal searches and arrests.

85. Similarly situated white males were not targeted Officer Carnevale and GPD for these illegal charges and arrests.

## SIXTH CLAIM
### Monell Liability Under 42 U.S.C § 1983
### Against the City of Greenville

86. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

87. Under the principles of municipal liability, the City Greenville and the GPD, owed a duty to the public at large and to Plaintiff to implement policies, procedures, customs, and practices sufficient to prevent, deter, and avoid conduct by subordinates that violate the constitutional rights of criminal suspects or defendants and of other members of the city.

88. However, the GPD and its designees, as policymakers for the City, knowingly and intentionally breached, or were deliberately indifferent to, this duty.

89. At all times relevant to allegations in this complaint Officer Carnevale acted under color of state law.

90. Officer Carnevale's actions deprived Plaintiff of federal rights, including but not limited to, the Fourth Amendment right to be free of illegal searches and seizures, and not be maliciously prosecuted.

91. At all times relevant to allegations in this complaint, a final policymaker including but not limited to Sergeant Gorham or other higher ranking GPD officer, acted under color

of state law.

92. The final policymaker had final policymaking authority from Defendant City of Greenville concerning Officer Carnevale's act.

93. The final policymaker ratified Officer Carnevale's act.

94. Defendant City of Greenville's training procedure weren't adequate to train its police officers to handle the usual and recurring situations that they must deal with.

95. Defendant City of Greenville was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately.

96. Defendant City of Greenville's failure to provide adequate training caused the deprivation of the Plaintiff's rights by Officer Carnevale.

## SEVENTH CLAIM
### Malicious Prosecution under North Carolina State Law

97. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

98. Defendants either instituted, or caused a criminal case to be instituted, against Plaintiff with malice.

99. Defendants knew or should have known the search and seizure of Plaintiff, and/or his premises, were without probable cause.

100. All charges instituted by the Defendants were dismissed.

101. As a direct and proximate result of the Defendants' acts, Plaintiff was wrongfully arrested and imprisoned, causing him to suffer the injuries and damages described above.

## EIGHTH CLAIM
### Action on Official Bond

102. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

103. At the time of the events alleged herein, Defendant Bundy was the principal on an official bond issued by Defendant Great American Insurance Company in the amount of $100.000 per occurrence.

104. Defendant Great American Insurance Company joined with Defendant Bundy as the surety on the official bond and thereby undertook to be jointly and severally liable for the failure of Defendant Bundy to faithfully perform the duties of her office as Magistrate of Judicial District 3A in Pitt County.

105. Defendant Bundy's official bond was in full force and effect when Plaintiff was arrested on September 14, 2018, and his charges were dismissed on November 2, 2020.

106. At all times relevant to this Complaint, Defendant Bundy had a duty to use the care which a reasonably prudent person, charged with the magistrate's duties, would exercise in the same circumstances.

107. At the time of the events alleged herein, Defendant Bundy was acting by virtue or under the color of her office as Magistrate.

108. Defendants Bundy and Great American Insurance Company are jointly and severally liable to Plaintiff, pursuant to N.C. Gen. Stat.§ 58-76-5, for his injuries to the extent of the official bond.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment for Plaintiff and order

relief as follows:

1. Compensatory damages against all defendants, jointly and severally;

2. Punitive damages against the individual defendants, jointly and severally;

3. Post-judgment and Pre-judgment interest;

4. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

5. That the Court grant any other and further relief it deems equitable and just.

This the 1st day of November, 2023

                             **COUCH & ASSOCIATES, PC**

                      By: /s/ C.Destine A. Couch
                            C.Destine A. Couch
                            (NC Bar No. 31464)
                            Post Office Box 1527
                            Durham, NC 27702
                            Telephone: (919) 688-8786
                            Facsimile: (919) 683-6394
                            Email: couchlaw1@gmail.com
                            *Attorney for Plaintiff*